IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES ARMSTRONG, )
)
          Plaintiff, )
)
vs. ) CIVIL NO. 08-112-GPM
)
STEVE ALDRIDGE, )
)
          Defendant. )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Tamms Correctional Center (Tamms), filed this action in state court on December 19, 2007, seeking damages for deprivations of his federal constitutional rights pursuant to 42 U.S.C. § 1983 for deprivations of his state constitutional rights and for medical malpractice. Defendant Aldridge removed the action to this Court (Doc. 2). Pretrial motions have been referred to United States Magistrate Judge Donald G. Wilkerson pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a). *See* FED. R. CIV. P. 72. This case now is before the Court for review of the complaint pursuant to 28 U.S.C. § 1915A. *See Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (court's power to dismiss a case *sua sponte* "at any time" for failure to state a claim extends to all suits, brought by prisoners and non-prisoners alike, paid and unpaid).

**THE COMPLAINT**

Plaintiff alleges that on September 5, 2005, he was treated by Defendant for "ongoing gum and tooth aches coupled with swelling." Specifically, he complained about his "upper left, second

from the rear" tooth. He claims that Defendant first pulled the wrong tooth but got the right tooth on the second try. For this he seeks damages.

Plaintiff did file a grievance against Defendant which was denied.

Plaintiff further alleges that he later sought, but was denied, treatment for his dental problems. Specifically, he says he was denied treatment on January 3 and January 10, 2007 and later on November 26, 2007. His story is that Defendant denied him treatment despite the presence of "large red blister and swollen gums" because Plaintiff had filed his grievance.

### DISCUSSION

Title 28 U.S.C. § 1915A provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

The Plaintiff may proceed against Defendant for denying him adequate medical care on or after December 19, 2005. His retaliation claim is dismissed. Although prison officials may not

retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement, *see, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002), the Seventh Circuit has clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006); *see also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993). In this case, Plaintiff's grievance was a "personal gripe" about a particular incident (pulling the wrong tooth on September 5, 2005), not a matter of public concern.

Plaintiff's claim that he was denied medical care before December 19, 2005, will also be dismissed. Plaintiff's medical care claims – whether analyzed under state law or under § 1983 – are governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). This complaint was not filed until December 19, 2007. Therefore, to the extent that Plaintiff seeks relief for extracting the wrong tooth in September 2005, or for other actions before December 19, 2005, his claims are barred by the statute of limitations.

**SUMMARY**

**IT IS HEREBY ORDERED** that Plaintiff's retaliation claim and his medical care claims for events occurring before December 19, 2005, are **DISMISSED** with prejudice from this action.

Plaintiff is **ORDERED** to serve upon Defendant's counsel a copy of all pleadings or other papers submitted for consideration by this Court. He must include with the original papers to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant's counsel. Any paper which has not been filed with the Clerk

or which fails to include a certificate of service will be disregarded by the Court.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so will result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 04/23/08

                                                s/ G. Patrick Murphy
                                                G. Patrick Murphy
                                                United States District Judge