# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES ARMSTRONG, | ) |
|       Plaintiff, | ) |
| vs. | ) CIVIL NO. 08-112-GPM |
| STEVE ALDRIDGE, | ) |
|       Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On April 23, 2008, this Court dismissed, pursuant to 28 U.S.C. § 1915A, Plaintiff's claims "for extracting the wrong tooth in September 2005, or for other actions before December 19, 2005, . . . [because the] claims are barred by the statute of limitations" (Doc. 16). The April 23rd Order dismissed some but not all of Plaintiff's claims; therefore it is an interlocutory order. Plaintiff now seeks reconsideration thereof, contending that the Court erred because the statute of limitations was tolled during the time Plaintiff was exhausting his administrative remedies (Doc. 18). For relief, Plaintiff requests that the Court reinstate his claim concerning the September 2005 tooth removal.

### DISCUSSION

It is well-settled that a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. A federal court may, however, reconsider an interlocutory order pursuant to its inherent powers. *See United States v. Jerry*, 487 F.2d 600, 604-05 (3d Cir. 1973); *accord Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("Rule 60(b) [is] not available for relief from an interlocutory order. Rule 59 (e) is equally applicable only

to a final judgment."). The Supreme Court has stated: "[I]f an interlocutory decree be involved, a rehearing may be sought at any time before final decree, provided due diligence be employed and a revision be otherwise consonant with equity." *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 90-91 (1922); *see also* FED. R. CIV. P. 60, Advisory Committee Note on 1946 Amendment to Subdivision (b) ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.").

In his complaint, Plaintiff alleges that Defendant Aldridge pulled the wrong tooth on September 5, 2005. The exhibits attached to the motion indicate that Plaintiff filed his grievance concerning this matter on October 24, 2005. The exhibits also state that Plaintiff's grievance was finally resolved on January 6, 2006. Although Plaintiff is correct that the statute of limitations was tolled during the period his grievance was pending before the Illinois prison system, *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001), Plaintiff has not accounted for the 48 days that passed between the date the wrong tooth was pulled and the day he initiated the grievance process. A claim *accrues* when the plaintiff knows (or should know) that he has been injured. *See Behavioral Institute v. Hobart Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). For Plaintiff, that date was September 5, 2005, and the clock for the statute of limitations commenced running then. The clock stopped on October 24th (when Plaintiff filed his grievance) and restarted on January 7, 2006. Thus, the statute of limitations was tolled for 75 days. Consequently, Plaintiff had until November 19, 2007, to file a civil complaint concerning the September 5, 2005, incident. The instant complaint, however, was not filed until December 19, 2007 – a month too late. Plaintiff's motion to reconsider

(Doc. 18) is **DENIED**.

Based on the foregoing, however, the Court's order dismissing claims prior to December 19, 2005, is too broad and probably incorrect. Plaintiff's complaint suggests, but does not detail, that there may be claims after the September 5, 2005, tooth extraction that Plaintiff wishes to pursue. Whether such claims also are barred by the statute of limitations (or other reasons) is difficult to determine given the record before the Court. Specifically, it is not clear whether Plaintiff pursued his administrative remedies with regard to any other claims and, if so, how many days it took to resolve such claims. Therefore, the Court cannot simply count back two years from the date the complaint was filed and conclude that claims prior to that date are time barred.

Accordingly, the Court's Order dated April 23, 2008 (Doc. 16) is **WITHDRAWN** and a new Order will be issued concerning the § 1915A review of the complaint.

**IT IS SO ORDERED.**

DATED: 06/19/08

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge