IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES ARMSTRONG, )
)
        **Plaintiff,** )
)
vs. ) CIVIL NO. 08-112-GPM
)
STEVE ALDRIDGE, )
)
        **Defendant.** )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      Plaintiff, an inmate in the Tamms Correctional Center (Tamms), filed this action in state court on December 19, 2007, seeking damages for deprivations of his federal constitutional rights pursuant to 42 U.S.C. § 1983, for deprivations of his state constitutional rights, and for medical malpractice. Defendant Aldridge removed the action to this Court (Doc. 2). Pretrial motions have been referred to United States Magistrate Judge Donald G. Wilkerson pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a). *See* FED. R. CIV. P. 72. This case is now before the Court for review of the complaint pursuant to 28 U.S.C. § 1915A; *see also Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (court's power to dismiss a case *sua sponte* "at any time" for failure to state a claim extends to all suits, brought by prisoners and non-prisoners alike, paid and unpaid).

      **THE COMPLAINT**

      Plaintiff alleges that on September 5, 2005, he went to be treated by Defendant for "ongoing gum and tooth aches coupled with swelling." Specifically, Plaintiff complained about his "upper

left, second from the rear" tooth. Plaintiff contends that Defendant extracted the wrong tooth. Plaintiff submitted another medical service request and, it appears, the correct tooth was pulled. Plaintiff states that these actions caused him to suffer.

Plaintiff filed a grievance against Defendant for pulling the wrong tooth. It appears this grievance was denied.

Plaintiff further alleges that he subsequently sought, but was denied, treatment for his dental problems. Specifically, Plaintiff contends that he was denied treatment on January 3 and January 10, 2007. Plaintiff asserts that he also was denied treatment on November 26, 2007. Plaintiff claims that Defendant denied him treatment despite the alleged presence of a "large red blister and swollen gums." Liberally construing the complaint, Plaintiff claims that Defendant denied him treatment in January and November 2007 because Plaintiff had filed the grievance against him.

### DISCUSSION

Title 28 U.S.C. § 1915A provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of

the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

Plaintiff may proceed against Defendant for allegedly denying him adequate medical care on January 3 and January 10, 2007, and on November 26, 2007. Plaintiff's retaliation claim, however, must be dismissed. Although prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement, *see, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002), the Seventh Circuit has clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006); *see also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993). In this case, Plaintiff's grievance was a "personal gripe" about a particular incident (pulling the wrong tooth on September 5, 2005), not a matter of public concern. Therefore, Plaintiff's retaliation claim is dismissed.

Plaintiff's claim that he was denied medical care on September 5, 2005, also is dismissed. Plaintiff's claim – whether analyzed under state law or under § 1983 – is governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). In his complaint, Plaintiff alleges that Defendant Aldridge pulled the wrong tooth on September 5, 2005. The exhibits attached to Plaintiff's motion to reconsider (Doc. 18) indicate that Plaintiff filed his grievance concerning this matter on October 24, 2005. The exhibits also state that Plaintiff's grievance was finally resolved on January 6, 2006. Under applicable law, the statute of limitations is tolled while Plaintiff's grievance is pending before the Illinois prison system, *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001), but is not tolled

during the 48 days that passed between the date the wrong tooth was pulled and the day Plaintiff initiated the grievance process. *See Behavioral Institute v. Hobart Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (a claim *accrues* when the victim knows (or should know) that he has been injured). Thus, the clock for the statute of limitations started running on September 5, 2005. The clock stopped on October 24 (when Plaintiff filed his grievance) and restarted on January 7, 2006. Consequently, Plaintiff had until November 19, 2007, to file a civil complaint concerning the September 5, 2005, tooth extraction. The instant complaint, however, was not filed until December 19, 2007 – a month too late.

**SUMMARY**

**IT IS HEREBY ORDERED** that Plaintiff's retaliation claim and his medical care claim for the September 5, 2005, tooth extraction are **DISMISSED** with prejudice from this action.

Plaintiff is **ORDERED** to serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed

of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 06/19/08

*s/ G. Patrick Murphy*
G. Patrick Murphy
United States District Judge