IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES ARMSTRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-112-GPM |
| | ) |
| STEVE ALDRIDGE, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on September 21, 2009, for hearing on a motion for summary judgment filed by Defendant Steve Aldridge (Doc. 26). For the following reasons, the motion is granted.

Plaintiff James Armstrong is an inmate at the Tamms Correctional Center. He claims that Defendant, a dentist, violated 42 U.S.C. § 1983 by being deliberately indifferent to Plaintiff's serious medical needs.[1] Specifically, Plaintiff claims that Defendant violated the Eighth Amendment when he denied Plaintiff dental treatment on January 3, January 10, and November 26, 2007 (Docs. 16, 22), and that Defendant was deliberately indifferent to Plaintiff's medical needs resulting in periodontal disease (Doc. 2, Attach. 1). Defendant denies that he was deliberately indifferent to Plaintiff's dental needs and now moves for summary judgment.

---

[1] Plaintiff also alleged in his complaint that Defendant denied him dental treatment on September 5, 2005; however, the Court dismissed that claim after initially reviewing the case in accordance with 28 U.S.C. §1915A. (*See* Doc. 22.)

According to Defendant, Plaintiff suffers from periodontal disease. This disease is incurable; however, it affects individuals differently. For example, some individuals who have periodontal disease experience problems with all of their teeth (Doc. 26, p. 3). For others, just one tooth is affected. *Id*. The effects of the disease may lessen with good oral hygiene, but there is no guarantee. Some people are just genetically disposed to having this condition, and a dentist cannot prevent the disease's progression. *Id*. Over the years, periodontal disease has affected Plaintiff in a variety of ways. *Id*. Plaintiff is forty-eight years old and has been incarcerated at Tamms for several years. Consequently, Dr. Aldridge and several other dentists at Tamms have examined and treated Plaintiff throughout the course of his incarceration (Doc. 26-3, p. 4).

### DEFENDANT'S ARGUMENTS

Defendant first maintains that he was not deliberately indifferent to Plaintiff's periodontal disease. Defendant examined Plaintiff on January 10, 2007, and observed that Plaintiff had experienced bone loss and that three of Plaintiff's teeth were slightly loose (Doc. 26, p. 2). Defendant had advised Plaintiff to have his teeth cleaned in the past. *Id*. He determined that Plaintiff's teeth did not need to be extracted at that time. *Id*. Defendant believes that inmates who have periodontal disease should keep their teeth for as long as possible because the Illinois Department of Corrections (I.D.O.C.) does not permit dentists to place permanent fixtures in a patient's mouth (Doc. 26, p. 4). Consequently, once an inmate's teeth are extracted, he or she can only receive dentures rather than implants or crowns. *Id*.

After the January 2007 examination, Defendant examined Plaintiff again several times. On April 25, 2007, Plaintiff told Defendant that his whole mouth was infected; however, Defendant did not find any infection in Plaintiff's mouth (Doc. 26, p. 4). On May 7, 2007, Defendant examined

Plaintiff for his biennial exam, and Defendant did not find any condition that warranted treatment (Doc. 26, pp. 4-5). On September 12, 2007, Defendant found that Plaintiff had severe periodontal disease in one tooth and extracted it (Doc. 26, p. 5). On October 10, 2007, Plaintiff complained about a different tooth; Defendant found that the tooth did not have a cavity and that no treatment was necessary. *Id*. Defendant did note, however, that Plaintiff's dental hygiene was not up to par, and this may have contributed to the periodontal disease (Doc. 26, p. 6). On November 26, 2007, Defendant examined Plaintiff again and discovered that Plaintiff had calculus and needed his teeth cleaned. *Id*. Consequently, on December 12, 2007, and at Plaintiff's request, Defendant cleaned Plaintiff's teeth. *Id*. After this appointment, Defendant examined Plaintiff two more times, once on February 27, 2008, and again on March 26, 2008. On February 27, Plaintiff asked Defendant about his partial, and Defendant told Plaintiff that the partial could be replaced (Doc. 26, p. 7). On March 26, Plaintiff asked for some of his teeth to be extracted (Doc. 26, p. 8). Defendant planned to schedule Plaintiff to receive a partial that would stabilize Plaintiff's loose teeth, but Defendant did not see Plaintiff again. *Id*.

Defendant maintains that he is entitled to summary judgment because his treatment of Plaintiff's disease was based on his medical training and judgment, and no evidence shows that he was deliberately indifferent.

Alternatively, Defendant argues that he is entitled to qualified immunity (Doc. 27). He states that there is no evidence demonstrating that he should have known that his treatment decisions violated Plaintiff's clearly established constitutional rights. *Id*.

### **PLAINTIFF'S ARGUMENTS**

To oppose summary judgment, Plaintiff states that Defendant was deliberately indifferent

to Plaintiff's periodontal disease by failing to prevent the disease from starting in the first place (Doc. 29, pp. 7, 9, 13). Specifically, Plaintiff states that Defendant determined back in 2004 that Plaintiff had gingivitis; however, he did not inform Plaintiff about this fact and never treated this condition (Doc. 29, p. 7; Doc. 36). Plaintiff argues that "once Defendant diagnosed Plaintiff with gingivitis, a serious medical need, it was his duty to begin treatment in order to reverse it before it developed to periodontal disease" (Doc. 29, p. 8). Plaintiff believes that Defendant's failure to treat the gingivitis led to him having periodontal disease. He contends that Defendant concealed the fact that he had gingivitis from him and would not have mentioned it had it not been for this lawsuit. *Id*. Plaintiff also maintains that Defendant never told him he had periodontal disease (Doc. 29, pp. 13-14). Plaintiff admits that Defendant prescribed him penicillin for seven days in 2004 but states that the penicillin should have been followed up with other treatment (Doc. 36, p. 5). Plaintiff further maintains that Defendant could have scheduled Plaintiff for a professional cleaning if Defendant felt Plaintiff's teeth needed to be cleaned; however, Defendant did not do so (Doc. 29, p. 14). Consequently, Plaintiff's teeth were cleaned only two times, once on March 3, 2004, and once on December 12, 2007 (Doc. 36, p. 4).

Another dentist at Tamms, Dr. Furlong, ultimately removed Plaintiff's teeth in May 2008 because they had deteriorated so much there was no reason to keep them (Doc. 26-3, p. 3). Plaintiff states that Defendant should have determined to remove the teeth (Doc. 26-3, p. 3). According to Plaintiff, Defendant essentially admits being deliberately indifferent by stating in his motion for summary judgment: "[i]t is difficult to tell whether Plaintiff is complaining that his teeth should have been removed sooner or that he is dissatisfied with the care and treatment provided to him regarding his acute complaints" (Doc. 29, p. 5; Doc. 27). Plaintiff maintains that such admission

shows the existence of a genuine issue of material fact whether Defendant was deliberately indifferent to Plaintiff's dental needs (Doc. 29, p. 5).

Plaintiff also opposes Defendant's claim of qualified immunity (Doc. 29, p. 11). Plaintiff argues that Defendant should have known that his actions were unlawful and violated Plaintiff's clearly established constitutional rights. *Id.*

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper only when "there is no genuine issue as to any material fact and … the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Haefling v. United Parcel Service, Inc.*, 169 F.3d 494, 497 (7th Cir. 1999). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Miller v. Borden, Inc.*, 168 F.3d 308, 312 (7th Cir. 1999).

A fact is material if it is outcome determinative under applicable law. *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 344 (7th Cir. 1999); *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good-faith dispute as to inferences to be drawn from those facts. *See Plair v. E.J. Brach & Sons, Inc.*, 105 F.3d 343, 350 (7th Cir. 1997). In deciding such a motion, the trial court must determine whether the evidence presented by the opposing party is such that a reasonable jury might find in favor of that party after a trial. *See id.*

The inquiry performed is the threshold inquiry of determining whether there is need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986).

### DELIBERATE INDIFFERENCE

Deliberate indifference to a prisoner's serious illness or injury states a claim under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). As stated by the Supreme Court, "deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain … proscribed by the Eighth Amendment." *Id*. This prohibition applies to "both prison doctors in their response to the prisoner's needs [and] to prison guards" who interfere with an inmate's access to medical care. *Id*. Thus, to prevail on an Eighth Amendment claim, a prisoner must show that "(1) he had a serious medical need, and (2) the defendants were deliberately indifferent to it." *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

To avoid summary judgment on the first issue, Plaintiff need only produce evidence that shows he suffers from a medical condition that is "objectively, sufficiently serious." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). If the "condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention," then it is serious and triggers the Eighth Amendment. *Id*.; *see also Wynn*, 251 F.3d at 592; *Foelker v. Outagamie County*, 394 F.3d 510, 512 (7th Cir. 2005). "[D]ental care is one of the most important needs of inmates." *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005). Dental pain, together with "various degrees of attenuated medical harm may constitute an objectively serious medical need." *Id*.; *see also Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (three-week delay in dental care with knowledge of inmate's pain can support a finding of deliberate indifference). Consequently, Plaintiff's periodontal disease, which required treatment and ultimately

resulted in Plaintiff losing his teeth, is a serious medical need within the purview of the Eighth Amendment.

To avoid summary judgment on the second issue, Plaintiff must next produce evidence demonstrating that the official "acted with a sufficiently culpable state of mind." *Greeno*, 414 F.3d at 653 (internal quotations omitted). "The official must know of and disregard an excessive risk to inmate health." *Id*.

Courts give deference to the treatment provided by physicians, as "there is not one proper way to practice medicine in prison." *Jackson v. Kotter*, 541 F.3d 688, 697-98 (7th Cir. 2008). Thus, a doctor is not deliberately indifferent to an inmate's serious medical needs unless he or she makes a decision that represents "such a substantial departure from accepted professional judgment, practice or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.*; *Greeno*, 414 F.3d at 653.[2] In addition, the Eighth Amendment does not provide a right to demand specific treatment or even the "best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Jones v. Drew*, 221 F. App'x 450, 454 (7th Cir. 2007). But a physician can be deliberately indifferent to an inmate's serious medical needs even if he has not completely ignored them. *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). On summary judgment, "the complete question is whether, when viewing the record in the light most favorable to [Plaintiff], a reasonable trier of fact could conclude that [Defendant] was subjectively aware of [Plaintiff's] serious medical condition and either knowingly or recklessly disregarded it." *Id*.

---

[2] To further support his motion for summary judgment, Defendant submitted the affidavit of Dr. Powers, the Tamms Medical Director, in which Dr. Powers attested that he examined Plaintiff for problems associated with his teeth and found that Plaintiff's dental problems were not serious (Doc. 26-1).

Based on the record, there is no genuine issue of material fact as to whether Defendant was deliberately indifferent to Plaintiff's serious medical needs. By Plaintiff's own count during the hearing, he was seen by Defendant 39 times. Defendant admits that whether he told Plaintiff he had periodontal disease is a disputed fact, but he contends that this fact is not material to Plaintiff's claim of deliberate indifference (Doc. 35). This Court agrees. Defendant's treatment of Plaintiff's disease was based on his medical training and judgment. There is no indication that had Defendant treated Plaintiff differently, Plaintiff would not have lost his teeth. As noted above, Plaintiff argues Defendant should have told him he had gingivitis, should have told him he had periodontal disease, should have determined that Plaintiff's teeth needed to be removed sooner, and should have made treatment decisions that would have prevented Plaintiff from ever getting periodontal disease in the first place. Plaintiff also disputes that he was responsible for requesting that his teeth be professionally cleaned and, instead, states that Defendant could have set up these appointments (*see* Doc. 29, p. 14.) But even if all of Plaintiff's allegations are true, Plaintiff's complaints sound in negligence – and "mere negligence in the provision of medical care does not constitute a violation of the [Eighth] Amendment." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 829 (7th Cir. 2009).

### QUALIFIED IMMUNITY

"Qualified immunity is not simply a defense to liability. It also provides immunity from suit." *Tun v. Whitticker*, 398 F.3d 899, 901 (7th Cir. 2005). The defense is "available to government officials performing discretionary functions that affords them protection from civil liability." *Lee v. Young*, 533 F.3d 505, 512 (7th Cir. 2008). The Court makes two key inquiries in evaluating qualified immunity: "(1) whether the facts, taken in the light most favorable to the plaintiffs, show

that the defendants violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009). "[T]he court may decide these questions in whatever order is best suited to the case at hand." *Id.*, *citing Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). The question of qualified immunity should be resolved at the "earliest possible stage in litigation." *Pearson*, 129 S. Ct. at 815, *quoting Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

As previously discussed, Plaintiff has not established that Defendant's actions violated his rights under the Eighth Amendment. Therefore, since the first part of the qualified-immunity test has not been met, it is not necessary for the Court to rule on this issue. *See Lee*, 533 F.3d at 511-12 (holding that neither it nor the district court needed to rule on the issue of qualified immunity because plaintiff failed to show that the defendants were deliberately indifferent to his serious medical needs).

### CONCLUSION

The record before the Court shows that Plaintiff's dental problems were sufficiently serious to establish a serious medical need within the meaning of the Eighth Amendment; however, Defendant was not deliberately indifferent to Plaintiff's serious medical needs. Accordingly, Defendant's motion for summary judgment (Doc. 26) is **GRANTED**, and the Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

DATED: 10/21/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge